UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MARTELL ELECTRIC, LLC, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | CASE NO. 3:22-cv-00430-RLM-MGG |
| | ) | |
| v. | ) | Lower Court Case No. 71D06-2205-CT-165 |
| | ) | |
| STEPHEN TISHHOUSE, CARRIE TISHHOUSE, and TISHHOUSE ELECTRIC, INC. | ) ) ) | Hon. Cristal C. Brisco<br><br>Hon. Michael G. Gotsch, Sr. |
| Defendants/Counter-Plaintiffs. | ) | |

---

| | |
|---|---|
| SOPKO, NUSSBAUM, INABNIT & KACZMAREK<br>Brent E. Inabnit, #17387-71<br>Kevin E. Warren, #26638-64<br>5th Floor – Plaza Building<br>210 South Michigan Street<br>South Bend, Indiana 46601<br>(574) 234-3000<br>brenti@sni-law.com<br>kevinw@sni-law.com | REVISION LEGAL, PLLC<br>Eric W. Misterovich (P73422)<br>8051 Moorsbridge Road<br>Portage, Michigan 49024<br>(269) 281-3908<br>eric@revisionlegal.com |
| *Attorneys for Plaintiff/Counter-Defendants* | *Attorney for Defendants/Counter-Plaintiffs* |

---

**PLAINTIFF/COUNTER-DEFENDANT MARTELL ELECTRIC, LLC'S
RESPONSE TO DEFENDANT/COUNTER-PLAINTIFFS'
MOTION FOR RECONSIDERATION OF OPINION AND ORDER**

Martell Electric, LLC. ("Martell") states as follows for its response to Defendant/Counter-Plaintiffs' ("Tishhouses") Motion for Reconsideration of Opinion and Order:

<u>INTRODUCTION</u>

The Tishhouses have failed to meet the requisite standard for reconsideration, as they have not demonstrated any manifest error of fact or law, nor have they identified any significant change in the law or facts that would warrant the relief sought. Instead, their motion merely reiterates

arguments previously raised and rejected, without addressing the substantive reasoning provided by the Court in its decision. Accordingly, Martell requests that the Court deny the Tishhouses Motion for Reconsideration in its entirety.

## ARGUMENT

The Seventh Circuit has made clear that a motion to reconsider an interlocutory order serves a limited purpose in federal litigation. *Janusz v. City of Chicago*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015), *aff'd*, 832 F.3d 770 (7th Cir. 2016). In *Janusz*, the Court noted a motion to reconsider "is not a vehicle to rehash an argument the court has already rejected or to present legal arguments that were not presented earlier." (*Id.* citing *Schilke v. Wachovia Mortgage., FSB*, 758 F.Supp.2d 549, 554 (N.D.Ill.2010). Instead, such a motion directs the court's attention to manifest errors of fact or law, a significant change in the law or facts, the court's misunderstanding of a party's argument, or a party's contention that the court ruled on an issue that was not properly before it. *Id.* (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir.2008; see also *Patrick v. City of Chicago*, 103 F. Supp.3d 907, 911 (N.D. Ill, 2015)("While motions to reconsider are permitted, however, they are disfavored.")[1]

In support of their Motion, the Tishhouses restate arguments made in their summary judgment filings with no indication of any "manifest errors of fact or law or a significant change in law or fact." As such, the Tishhouses have provided no basis for the extraordinary remedy they are seeking and the motion should be denied.

The Tishhouses first claim that the court erred in finding the "Acquisition Agreement did not contain an enforceable contract via Section 5.5 and the included Term Sheet." This argument

---

[1] Plaintiffs' suggestion that their motion is also brought under Fed. R Civ. P 60(b) is misplaced, since that rule refers to "Grounds for Relief from a Final Judgment."

2

sidesteps one of the primary bases for the Court's decision, specifically, that the plain language of the Agreement did not demonstrate the Parties' intent to be bound to employment agreements (ECF 65, p. 15):

> Thus, the plain language of Section 5.5 evinces an intent that the parties are giving thought to an at-will employment agreement that has terms consistent with those found in the Term Sheet, and terms otherwise mutually agreeable to the parties. In other words, the parties are agreeing to agree at some point in the future and "a mere agreement to agree at some future time is not enforceable." *Id*. (citing *Wolvos v. Meyer*, 668 N.E.2d 671, 674 (Ind. 1996)).

Moreover, the Tishhouses fail to address key issues raised by the Court's conclusion. First, at most, the Agreement would have provided only "at-will" employment, subjecting the Tishhouses to termination without cause. Second, by its plain language, the parties referred to the need to develop "terms otherwise mutually agreeable to the parties," clearly indicating all terms had not been agreed upon and contradicting the Tishhouse's current position.

The Tishhouses further suggest that the Court misapplied its reasoning with regard to *Wolvos*, as well as *Block v. Magura*, 949 N.E.2d 1261, 1266. The Court concluded that Section 5.5 "does not demonstrate an agreement on all essential terms…" and that "[o]ther provisions in the Agreement support the conclusion that the Parties did not intend to be bound by the employment terms set forth in the Term Sheet when the parties entered into the Agreement." (ECF 65, p. 15) In support of this conclusion, and overlooked by the Tishhouses, the Court referred to additional sections of the Agreement, including Sections 1.1-8, Section 1.1-1, and Section 7.1, noting the need to "review the agreement in its entirety" (Id. 15 – 16; citing U.S. Automatic Sprinkler Corp. v. Erie Ins. Exch., 204 N.E.3d 215, 223 (Ind. 2023)). The Court reasoned that while other sections of the Agreement contain language that mandates compliance by using the word "shall", Section 5.5 only uses the word "contemplate." "Neither provision [sections1.1-1 and 7.1], unlike Section 5.5, "contemplates" entering into an agreement "consistent" with the terms set forth

in the corresponding exhibit. Nor does Section 5.5 provide that the parties "shall" enter into…employment agreements." *Id*.

Finally, the Tishhouses suggest the Court was mistaken in concluding that the Term Sheet had not been incorporated into the Agreement but offer little more than the bare and legally unsupported assertion that it had been. However, the Court made clear that, when incorporating documents, the Agreement had been explicit in using language stating such documents were "incorporated herein" and explicitly using the term "shall." (ECF 65, p. 16). The Court contrasted this with the fact that the parties did not specifically incorporate the Term Sheet and, rather than use of the term "shall", merely indicating they would "contemplate" entering an employment agreement. The Tishhouses' bare assertion that the Court mistakenly concluded that Term Sheet was not incorporated fails to address the actual reasons the Court gave for this conclusion.

## CONCLUSION

Based on the foregoing, the Court should deny the Defendant/Counter-Plaintiffs' Motion for Reconsideration of Opinion and Order.

Respectfully submitted,

SOPKO, NUSSBAUM, INABNIT & KACZMAREK

By: /s/ Kevin W. Warren
Kevin E. Warren, # 26638-64
Brent E. Inabnit, #17387-71
5th Floor - Plaza Building
210 South Michigan Street
South Bend, Indiana 46601
Telephone: (574) 234-3000
Facsimile: (574) 234-4220
kevinw@sni-law.com
brenti@sni-law.com
Attorneys for Martell Electric, LLC

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on March 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Eric Misterovich, Revision Legal, PLLC.

                  <u>/s/ Kevin E. Warren</u>

P:\MartellElec\Tishhouse\Martell Response to Reconsider.docx